UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE L. RAINEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 10 C 4669 |
| | ) |
| UNITED PARCEL SERVICE et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff Eddie L. Rainey's ("Rainey") renewed motion for appointment of counsel. For the reasons stated below, both motions are denied.

### RELEVANT FACTS

In his Amended Complaint, Rainey asserts claims under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, alleging that UPS wrongfully denied him employment based on his race. For purposes of the motion to dismiss, we accept the allegations of the Amended Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). According

to the Amended Complaint, Rainey submitted employment applications at UPS's Hodgkins, Illinois facility on or around February 2, 2006, June 2, 2007, and January 10, 2008. In response to each application, UPS denied Rainey employment. Rainey received a final denial from UPS on March 14, 2008. On December 9, 2008, Rainey filed a discrimination charge against UPS with the Equal Employment Opportunity Commission ("EEOC"). On August 4, 2010, Rainey filed his initial complaint and on January 3, 2011, Rainey filed his Amended Complaint.

On January 12, 2011, UPS filed a motion to dismiss Rainey's claims under Rule 12(b)(6), arguing that both claims are untimely. On February 17, 2011, Rainey filed a renewed motion for appointment of counsel.

## LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of the complaint. *In re HealthCare Compare Corp. Sec. Litig.*, 75 F.3d 276, 279 (7th Cir. 1996). A court grants a motion to dismiss when the plaintiff alleges no set of facts entitling him or her to relief. *Id.* In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of a complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

I. **This Court Denies UPS's Motion to Dismiss Rainey's Title VII Claim Because Rainey Alleges a Timely Discriminatory Act.**

UPS argues that this Court should dismiss Rainey's Title VII claim because Rainey did not file a charge with the EEOC within 300 days of his employment applications. A plaintiff may file a Title VII claim in federal court only if the plaintiff filed a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Only discriminatory acts occurring within the 300-day filing period are actionable. *Id.* at 114. A discriminatory act, such as the failure to hire, is a discrete act, *id.*, and the 300-day period commences at the time the employment decision is made and communicated to the individual. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004).

Here, Rainey alleges that he filed a charge with the EEOC on December 9, 2008. Based on the EEOC filing date, Rainey may properly allege a Title VII claim concerning any discriminatory act occurring on or after February 13, 2008 (i.e., 300 days before December 9, 2008). *See, e.g., Hudson v. West Harvey/Dixmoor Sch. Dist. No. 147*, 168 F. Supp. 2d 851 (N.D. Ill. 2001) (considering only allegations falling within the 300-day period, even though plaintiff alleged that defendant wrongfully failed to hire her on a number of occasions spanning many years). Rainey alleges that

UPS notified him of its decision not to hire him on March 14, 2008, within the 300-day period. UPS, arguing that Rainey did not file a charge within 300 days of his employment applications, inappropriately focuses on the date that Rainey applied for a position rather than the date that UPS denied Rainey employment. Accordingly, this Court denies UPS's motion to dismiss Rainey's Title VII claim.

II. **This Court Denies UPS's Motion to Dismiss Rainey's Section 1981 Claim Because Rainey Alleges Discrimination Occurring Within the Statutory Period.**

UPS asks this Court to dismiss Rainey's Section 1981 claim because it is barred by the four-year statute of limitations. *Jones v. R.R. Donnelley & Sons*, 541 U.S. 369, 383 (2004) (applying a four-year statute of limitations to Section 1981 claim). Based on the statute of limitations, Rainey may allege discrimination occurring on or after August 4, 2006 (i.e., four years before Rainey filed his original complaint). Rainey alleges that UPS refused to hire him, because of his race, in 2006, 2007, and 2008. Rainey properly alleges at least two instances of discrimination, occurring in 2007 and 2008, which fall within the statute of limitations period.

UPS argues that Rainey cannot base his Section 1981 claim on employment applications from 2007 and 2008 because any allegedly discriminatory decision was not a "fresh act of discrimination." However, UPS's subsequent denials of Rainey's additional employment applications may constitute new discriminatory acts.

Specifically, an employer's subsequent denials of additional employment applications constitute new discriminatory acts, unless the employer clearly informs the prospective employee that it will not consider subsequent applications or the prospective employee knew that subsequent applications would be "obviously . . . futile." *Webb v. Indiana Nat'l Bank*, 931 F.2d 434, 437 (7th Cir. 1991). The Amended Complaint alleges no facts indicating UPS informed Rainey that it would not consider subsequent applications or that Rainey's subsequent applications were obviously futile. Because Rainey alleged acts within the statute of limitations, this Court denies UPS's motion to dismiss Rainey's Section 1981 claim.

**III.    This Court Denies Rainey's Renewed Motion for Appointment of Counsel.**

Rainey asks this Court to reconsider a prior ruling denying the appointment of counsel. Rainey fails to present any change of circumstances or any additional reason why this Court should supply Rainey with pro bono representation. Accordingly, this Court stands by its prior ruling and denies Rainey's motion.

**CONCLUSION**

For the foregoing reasons, UPS's motion to dismiss and Rainey's renewed motion for appointment of counsel are denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  March 17, 2011