UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. RAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 4669 |
| | ) | |
| UNITED PARCEL SERVICE, Hodgkin, | ) | |
| Illinois, and MS. ILENE BENSON, | ) | |
| HR Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss Plaintiff Eddie L. Rainey's ("Rainey") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). For the reasons stated below, the Court converts UPS's motion to dismiss under Rules 12(b)(1) and 12(h)(3) to a motion for judgment on the pleadings under Rule 12(c) and grants UPS's motion for judgment on the pleadings.

## BACKGROUND

Several years before filing this lawsuit, on October 14, 2005, Rainey filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. Throughout the bankruptcy, Rainey was obligated to

disclose contingent and unliquidated claims of every nature, including legal claims against others. Rainey's bankruptcy proceeding remained open until December 18, 2009.

While Rainey's bankruptcy proceeding was pending, Rainey submitted employment applications at UPS's Hodgkins, Illinois facility. In response to each application, UPS denied Rainey employment and, on March 14, 2008, Rainey received a final denial from UPS. On December 9, 2008, and before his bankruptcy proceeding closed, Rainey filed a charge of discrimination against UPS with the Equal Employment Opportunity Commission. Approximately eight months after his bankruptcy proceeding closed, Rainey filed a complaint against UPS, asserting claims for wrongful denial of employment under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. While his bankruptcy proceeding was pending, Rainey never disclosed the claims he now asserts against UPS.

UPS presently moves to dismiss Rainey's Amended Complaint because Rainey lacks standing to pursue his claims and, thus, the Court lacks subject matter jurisdiction. The Article III standing requirements are: (1) injury in fact; (2) causation; and (3) redressability. *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). Here, Rainey has standing to pursue his claims: he alleges that he lost wages and other benefits because of UPS's violation of federal law and that damages would remedy his injury. *See id.* Therefore, the Court's subject matter jurisdiction is not at issue. However, because

UPS's core argument has merit and Rainey has had an opportunity to respond, the Court converts UPS's motion to dismiss under Rules 12(b)(1) and 12(h)(3) to a motion for judgment on the pleadings under Rule 12(c).

## LEGAL STANDARD

After the parties have filed the complaint and answer, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The court must dismiss the complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B). A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In ruling on a motion for judgment on the pleadings, like a motion to dismiss, the court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

As a preliminary matter, UPS attached several exhibits to its motion. When ruling on a motion for judgment on the pleadings, the court cannot consider matters outside the pleadings, unless the court treats the motion as one for summary judgment.

Fed. R. Civ. P. 12(d). However, the court may take judicial notice of, and consider, matters of public record without converting the motion to dismiss into a motion for summary judgment. *Menominee v. Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (judicially noticing historical documents). Accordingly, the Court judicially notices the exhibits attached to UPS's motion, which are matters of public record in Rainey's bankruptcy proceeding, *In re Rainey*, No. 05-BK-54579 (Bankr. N.D. Ill.).[1]

UPS argues that the Court should dismiss Rainey's Amended Complaint because Rainey asserts, for his own benefit, claims belonging to his bankruptcy estate. To resolve this case, the Court must answer two questions: (1) whether Rainey's claims against UPS are part of his bankruptcy estate; and (2) if so, whether Rainey may assert the claims for the benefit of the bankruptcy estate.

At the time a debtor files a bankruptcy petition, the debtor's property, by operation of law, becomes part of the bankruptcy estate. 11 U.S.C. § 541(a). The debtor's property, and thus the bankruptcy estate, includes any legal claims that may be prosecuted for the benefit of the estate. *Cable v. Ivy Tech State Coll.*, 200 F.3d 467,

---

[1] The Court judicially notices the following documents from Rainey's bankruptcy case: the Voluntary Petition for bankruptcy filed on October 14, 2005; the Amended Summary of Schedules and Schedules filed on January 6, 2006; the Discharge of Debtor After Completion of Chapter 13 Plan filed on November 17, 2009; the Chapter 13 Standing Trustee's Final Report and Account filed on December 17, 2009; and the docket, as of June 24, 2011.

472-73 (7th Cir. 1999). The bankruptcy estate continues to pull in any interest acquired by the debtor after the commencement of the bankruptcy case, but before the case is closed, dismissed, or converted, whichever occurs first. 11 U.S.C. § 541(a)(7); 11 U.S.C. § 1306(a)(1). Property of the estate that is not abandoned or administered in the case remains property of the estate. 11 U.S.C. § 554(d).

Here, Rainey's bankruptcy estate included any claim he acquired against UPS after the commencement of his bankruptcy case, on October 14, 2005, but before the case closed on December 18, 2009. This Court previously found that Rainey's claims against UPS accrued in 2007 and 2008, when UPS denied Rainey employment. *Rainey v. United Parcel Serv.*, No. 10 C 4669, 2011 WL 1004629 (N.D. Ill. Mar. 17, 2011). Because Rainey's claims accrued between the commencement and closing of his bankruptcy case, Rainey's claims against UPS belong to his bankruptcy estate. 11 U.S.C. § 1306(a)(1). Since Rainey never disclosed his claims against UPS by filing an amended schedule of his personal property, the trustee did not have the opportunity to abandon or administer the portion of the estate consisting of Rainey's claims. 11 U.S.C. § 554. Because Rainey's claims were not abandoned or administered in his bankruptcy case, Rainey's claims remain property of the estate. 11 U.S.C. § 554(d).

A Chapter 13 debtor, like Rainey, has standing to bring a claim in his own name for the benefit of the bankruptcy estate, but not for his own personal benefit. *Cable*, 200

F.3d at 472-73 (relying on Fed. R. Bankr. P. 6009). While Rainey could have filed his claims against UPS for the benefit of the bankruptcy estate, Rainey is unable to do so now because his bankruptcy case closed on December 18, 2009.[2] Since Rainey's bankruptcy case is closed, the bankruptcy court can no longer administer Rainey's assets. 11 U.S.C. § 350(a) (explaining that the court closes the bankruptcy case after the estate is fully administered and the court has discharged the trustee). To bring a claim for the benefit of the bankruptcy estate, Rainey must ask the bankruptcy court to reopen his case. 11 U.S.C. § 350(b) (stating that the bankruptcy court may reopen a case to administer assets, accord relief to the debtor, or for other cause). For these reasons, Rainey cannot assert claims against UPS on behalf of the bankruptcy estate.

## CONCLUSION

For the foregoing reasons, the Court grants UPS's motion for judgment on the pleadings and dismisses Rainey's Amended Complaint.

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Dated:  August 16, 2011

---

[2] Had Rainey disclosed his claims against UPS, the bankruptcy court presumably would not have closed his case until the claims were resolved or abandoned by the trustee.