UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. RAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 4669 |
| | ) | |
| UNITED PARCEL SERVICE, Hodgkin, | ) | |
| Illinois, and MS. ILENE BENSON, | ) | |
| HR Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

Plaintiff Eddie Rainey ("Rainey"), filed a two-count complaint alleging race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., and 42 U.S.C. § 1981. Defendants United Parcel Service, Inc. ("UPS"), and Ilene Benson ("Benson"), the Human Resources Manager of the UPS Hodgkins facility (collectively "Defendants") bring the present motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Defendants' motion is granted.

## BACKGROUND[1]

Rainey, an African American man, was hired by UPS in 1997 as a temporary seasonal feeder driver ("seasonal driver") at the company's Chicago Area Consolidated Hub located in Hodgkins, Illinois ("Hodgkins facility"). After working for other trucking companies, Rainey again applied for employment with UPS as a seasonal driver on February 6, 2006. Rainey submitted a resume and never filed an application for the position.

On July 7, 2007, Rainey completed an application for a seasonal driver position with UPS. On July 11, 2007 Rainey was interviewed by Benson for the position. During the course of the interview Rainey was not able to explain the circumstances surrounding his termination of employment from his prior employer, Yellow Transportation Inc.

On January 11, 2008, Rainey submitted another application for a seasonal driver position at the Hodgkins facility (the "January 2008 application"). In his January 2008 application, Rainey specified that he was terminated from Yellow Transportation, Inc.,

---

[1]The following facts are taken from the parties' respective statements and exhibits filed pursuant to Northern District of Illinois Local Rule 56.1. The Court reviews each Local Rule 56.1 statement and disregards any argument, conclusion, or assertion unsupported by the evidence in the record. The Defendants object to the form of Rainey's statement of facts. Although Rainey does not strictly adhere to the requirements of Local Rule 56.1, the responses do not amount to total non-compliance with Local Rule 56.1, which would be significant enough to warrant ignoring Rainey's statement of facts altogether. Defendants' objection is overruled.

because he had failed to fill out his delivery travel logs.  On March 4, 2008, Rainey was interviewed by Benson and he was determined to be an acceptable candidate for the seasonal driver position.  He was added to the pool of qualified candidates who were waiting to proceed to the next step in the hiring process, the tractor trailer road test.

While Rainey's application was pending at the UPS Hodgkins facility, Rainey applied for a position as a seasonal driver at a different UPS facility in Addison, Illinois on March 31, 2008.  Rainey was ultimately hired by the Addison UPS facility. Rainey's hiring at the Addison facility was noted by UPS's automated applicant tracking system which updated Rainey's January 2008 application, indicating that he had been hired at another facility.  Because Rainey accepted the position at the Addison UPS facility, he was no longer considered for a position at the Hodgkins facility.

On August 4, 2010, Rainey filed a two-count complaint alleging race discrimination in violation of Title VII (Count I); and 42 U.S.C. § 1981 (Count II).  On October 12, 2012, the Defendants moved for summary judgment under Federal Rule of Civil Procedure 56.  On December 10, 2012 Rainey filed his own motion for summary judgment without answering the Defendants previously filed motion.  On January 15, 2013 the Court granted Rainey an extension of time to answer the Defendants' motion. Additionally, the Court continued Rainey's motion for summary judgment pending the resolution of the Defendants' October 2012 motion for summary judgment.  On

February 23, 2013, Rainey answered the Defendants' motion for summary judgment.

At this juncture, the Court only resolves the Defendants' motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; he must go beyond the pleadings and support his contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

### I. Race Discrimination under Title VII (Count I)

Under Title VII it is unlawful for an employer to "fail or refuse to hire . . . any individual . . . because of an individual's race [or] color." 42 U.S.C. § 2000e-2. Rainey claims that he was subjected to race discrimination on three occasions. Specifically, Rainey claims he was discriminated against when he was not hired as a seasonal driver after submitting applications in February 2006, July 2007 and January 2008 to UPS's Hodgkins facility. The Defendants assert that Rainey's 2006 and 2007 claims are time barred. Further, Defendants argue that Rainey has failed to establish a prima facie case for racial discrimination for the 2008 claim.

#### A. February 2006 and July 2007 Applications

The Defendants argue that Rainey's claims related to his February 2006 and July 2007 applications are time barred. Under Title VII, "a plaintiff must file an EEOC charge within 300 days of the conduct underlying the claim" and any conduct occurring "more than 300 days before the relevant EEOC charge is time-barred." *Moore v. Vital Prods.*, 641 F.3d 253, 256 (7th Cir. 2011).

Because Rainey did not file his EEOC charge until December 9, 2008, any conduct that occurred before February 14, 2008 is timed barred. Rainey cannot avail himself of the continuing violation doctrine to toll the 300 day filing requirement due

5

to the discrete nature of his failure to hire claims. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (emphasizing the ease of identifying a refusal to hire as a discrete act). Accordingly, the Title VII claims related to the February 2006 and the July 2007 applications were not timely filed and are dismissed as time-barred.

### B. January 2008 Application

Rainey claims that he was racially discriminated against in violation of Title VII after his January 2008 application was denied. Rainey may establish a claim under Title VII by either the direct or indirect method. *Silverman v. Board of Educ. of the City of Chic.*, 637 F.3d 729, 733 (7th Cir. 2011). Although Rainey does not identify which method of proof he relies to defeat summary judgment, the Court will consider the evidence under both the direct and indirect methods of proof.

### 1. Direct Method

Under the direct method the court considers direct and circumstantial evidence of discrimination. *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005). "Direct evidence is evidence which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption . . . stated differently, direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus." *Hossark v. Floor Covering Ass'n of*

6

*Joliet, Inc.*, 492 F.3d 853, 861 (7th Cir. 2007). Direct evidence of a defendant admitting discrimination is rare, so most cases are proven by circumstantial evidence. "Circumstantial evidence, unlike direct evidence, need not directly demonstrate discriminatory intent, but rather it allows a jury to infer discrimination by the decision maker for suspicious words or action." *Id*. at 862.

Under the direct approach, Rainey has failed to support his claim with sufficient evidence to support his contention that UPS discriminated against him because of his race. The record contains no evidence suggesting that UPS did not hire Rainey based on his race. Rainey has failed to establish a genuine issue of material fact under the direct method; therefore Rainey must proceed under the indirect method.

## 2. Indirect Method

To establish a failure to hire claim under the indirect method, Rainey must establish that: 1) he is a member of a protected class; 2) he was qualified for an open position for which he applied; 3) his application for employment was rejected; and 4) Defendants filled the position with someone not of Rainey's protected class. *Blise v. Antaramian,* 409 F.3d 861, 866 (7th Cir. 2005). If these elements are established, discrimination is inferred and the burden of production shifts to the Defendants to raise a legitimate, nondiscriminatory reason for the adverse employment action. *Naik v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 627 F.3d 596, 600 (7th Cir. 2010). Once

a legitimate reason is offered, the inference of discrimination is rebutted, and Rainey must establish that the offered reason is a pretext for unlawful discrimination. *Id.*

The Defendants argue that Rainey cannot establish a prima facie failure to hire case because the evidence does not show that his employment application was rejected. The Defendants seek to fortify their argument with the fact that Rainey's employment application was removed from consideration only after the UPS automated employment management system removed his application due to his hiring at another UPS facility. The precipitating cause of UPS's denial of Rainey's application is not contemplated for the purposes of determining if an employment application was rejected to establish a prima facie failure to hire case. The evidence shows that the January 2008 application was rejected, regardless of what ultimately led to its removal from consideration. Rainey has provided sufficient evidence to establish a prima facie failure to hire claim. The establishment of a prima facie case now requires the Court to move to the second step of the indirect method which requires the Defendants to provide "a legitimate nondiscriminatory reason for the action." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 609 (7th Cir. 2012).

The Defendants have provided evidence detailing the circumstances which led to the rejection of Rainey's January 2008 Hodgkins employment application. Rainey applied for a seasonal driver position on January 11, 2008. Rainey was interviewed by

8

Benson at the Hodgkins facility and after the interview his file was highlighted as "Interview Acceptable." Rainey's achievement of a positive interview rating put him into UPS's pool of qualified candidates who were waiting to proceed to the next step of the hiring process, the road test. While Rainey's application was under consideration in the UPS system, he applied for and accepted a driver position on March 14, 2008, at the UPS Addison facility. After Rainey was hired at the Addison facility, UPS's automated applicant tracking system updated Rainey's Hodgkins application to indicate that he had been hired by UPS at a different facility. Rainey was no longer considered for the Hodgkins facility position. The Defendants have sufficiently established a nondiscriminatory reason for their declination of Rainey's employment application.

Rainey does not counter the Defendants' proffered reason with any substantive evidence to suggest that UPS's actions were merely a pretext for their discriminatory motive. Accordingly, Rainey's Title VII claim is dismissed.

## II. Race Discrimination under § 1981 (Count II)

Rainey alleges that he was subjected to race discrimination as a result of the Defendants hiring decisions in 2006, 2007 and 2008, in violation of § 1981. Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975). The Seventh Circuit has held that to state a cause of action under § 1981, "the plaintiff must

9

allege some facts that demonstrate that his race was the *reason* for the defendant's" action. *Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982) (emphasis in original). "[T]he elements and methods of proof for proving § 1981 claims are essentially identical to those under Title VII." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The factual allegations underlying Rainey's § 1981 claim are identical to those underlying his Title VII claim. For the purposes of resolving Rainey's § 1981 claim the Court evaluates UPS's 2006 and 2007 hiring decisions and we need not consider the 2008 application because a prima facie Title VII claim could not be established. *See Montgomery,* 626 F.3d at 389.

### A. February 2006 Application

Rainey's claims brought pursuant § 1981 are subject to a four-year statute of limitations. *See Smith v. Bray,* 681 F.3d 888, 896 n. 2 (7th Cir. 2012). Rainey filed his complaint on August 10, 2010. Therefore, any conduct which occurred prior to August 10, 2006 is untimely. Accordingly Rainey's February 2006 claim of discrimination is time barred.

### B. July 2007 Application

### 1. Direct Method

Under the direct approach, Rainey has not submitted any evidence to support his contention that UPS discriminated against him because of his race. Rainey has failed

10

to establish a genuine issue of material fact utilizing the direct method; therefore Rainey must proceed under the indirect method.

### 2. Indirect Method

Like Title VII, when analyzing a failure to hire claim under § 1981, Rainey must establish under the indirect method that: 1) he is a member of a protected class; 2) he was qualified for an open position for which he applied; 3) his application for employment was rejected; and 4) Defendants filled the position with someone not of Rainey's protected class. *Blise v. Antaramian,* 409 F.3d 861, 866 (7th Cir. 2005).

The Defendants argue that Rainey has failed to establish that he was qualified for the seasonal driver position and therefore has failed to establish a prima facie case. The evidence shows that Rainey filled out a seasonal driver application and was subsequently interviewed for a position at UPS's Hodgkins facility. Rainey failed to provide the reason for his termination from his previous employer in his application and during his July 11, 2007 interview. UPS procedural protocol requires that if an applicant fails to provide the reasons for a separation from their previous employer, the candidates employment application is automatically disqualified based on the assumption that the individual was terminated from the previous position and is attempting to conceal that fact. The record indicates that Rainey was not qualified for the seasonal driver position because he did not provide the circumstances surrounding

11

his departure from his previous position. In the absence of this information UPS procedure called for the disqualification of Rainey's application. Rainey has failed to establish a prima facie failure to hire claim pursuant to § 1981 . Accordingly, Rainey's § 1981 claim is dismissed.

## CONCLUSION

For the aforementioned reasons, the Defendants' motion for summary judgment is granted. In consideration of this ruling, Rainey's motion for summary judgment is dismissed as moot.

Charles P. Kocoras
United States District Judge

Dated:  March 21, 2013

12