# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4669 | **DATE** | June 17, 2013 |
| **CASE TITLE** | Rainey vs. United Parcel Service et al | | |

**DOCKET ENTRY TEXT**

Defendant's Bill of Costs is granted in the amount of $5,062.62.

■ [ For further details see text below.]      Docketing to mail notices.

## ORDER

This matter comes before the Court on the bill of costs submitted by Defendant United Parcel Service, Inc. ("UPS") in the amount of $5,062.62. For the following reasons, the Court awards costs in the amount of $5,062.62.

On March 21, 2013, this Court entered judgment for UPS against Plaintiff Eddie Rainey ("Rainey") in his employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, UPS now submits a bill of costs in the amount of $5,062.62 to which Rainey objects.

There exists a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party. Fed. R. Civ. P. 54(d)(1). Specifically, the victor may recover: (i) fees of the clerk and marshal; (ii) fees for transcripts necessarily obtained for use in the case; (iii) printing and witness fees; (iv) fees for exemplification and the costs of making copies of any materials necessarily used in the case; (v) docket fees; and (vi) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The prevailing party bears the burden of demonstrating that the requested costs were necessary and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If that burden is satisfied, the losing party must then show that the costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court retains wide discretion in determining the propriety of awarding costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

Rainey objects on two grounds: (i) UPS did not submit its bill of costs in a timely manner; and (ii) costs should not be awarded due to Rainey's having filed a notice of appeal. With respect to the issue of timeliness, Rainey contends that UPS failed to submit its bill of costs within fourteen days as required by "Rule FRCD Rule 54 {2} {2}." The Court presumes that Rainey intended to cite to Federal Rule of Civil Procedure 54(d)(2)(B),

| ORDER |
|---|

which addresses attorneys' fees. Rainey's apparent reliance on this rule is misplaced, for UPS is not seeking attorneys' fees but rather costs other than attorneys' fees. Northern District of Illinois Local Rule 54.1(a) permits a prevailing party to seek costs within thirty days of the entry of a judgment.

In the case at bench, this Court entered judgment on March 21, 2013, and UPS submitted its bill of costs on April 19, 2013, twenty-nine days later. UPS's submission is thus timely.

Rainey next contends that the Court should deny costs because Rainey has filed a notice of appeal. This argument is unavailing, for the notice of appeal has no bearing on UPS's status as the prevailing party and ability to recover costs in this Court. *See Hoeller v. Eaton Corp.*, 149 F.3d 621, 625-26 (7th Cir. 1998). Rainey does not challenge the reasonableness of the costs, and the Court deems the requested costs to be reasonable.

For the foregoing reasons, UPS is awarded costs in the amount of $5,062.62.

Date: June 17, 2013

/s/ Charles P. Kocoras
**CHARLES P. KOCORAS**
**U.S. District Judge**