Case: 13-1849    Document: 20    Filed: 11/19/2013    Pages: 4

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*



| | |
|---|---|
| No. 13-1849 | |
| EDDIE L. RAINEY,<br>*Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 10 C 4669 |
| UNITED PARCEL SERVICE, INC.,<br>*Defendant–Appellee*. | Charles P. Kocoras,<br>*Judge*. |

## O R D E R

Eddie Rainey applied for temporary work as a truck driver for United Parcel Service in five different years from 1997 through 2011. He was hired in three of those years yet still sued UPS claiming that he was turned down the other times because he is black. The district court granted summary judgment for UPS, and Rainey appeals. We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Except as noted, the facts are undisputed. UPS first hired Rainey in 1997 as a temporary driver based at the company's facility in Hodgkins, Illinois. He left that job after a month and then worked as a driver for other employers before submitting a résumé in 2006 for another temporary position at the Hodgkins facility. UPS does not hire based on a résumé alone, and since Rainey did not complete the required application, he was not considered for employment.

Rainey applied again in 2007 for a temporary position at the Hodgkins facility. This time he submitted an application but did not explain why he left a job with one of his previous employers, even though that information was requested on the form. UPS interviewed Rainey despite the omission, but still he refused to explain why his job with the other employer had ended. UPS automatically disqualifies an applicant who witholds the reason for leaving a previous job, and thus Rainey was not hired.

Rainey tried once more in 2008 for a temporary job at the Hodgkins facility. This time he answered all of the questions on the application and was added to the pool of qualified candidates waiting for the next step in the hiring process, a driving test. Rainey also had applied for a different job with UPS at its facility in Addison, Illinois, and he was hired for that position in April, less than four weeks after his interview for the Hodgkins job. At his deposition Rainey testified that he had applied to work at the Addison facility only because he was told by UPS's human-resources department that the position he interviewed for at the Hodgkins facility no longer was available. Yet the company's records show that Rainey had applied for the Addison job in mid-March and that UPS's automated system for tracking applicants retained him in the Hodgkins candidate pool until after he was hired at Addison.

Rainey voluntarily left that job a few months later and filed a charge with the Equal Employment Opportunity Commission claiming that in 2006, 2007, *and* 2008 he was turned down for employment with UPS because of his race. Rainey received a right-to-sue letter from the EEOC and, in July 2010, sued UPS under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). (Rainey also named as a defendant a human-resources employee for UPS. But she was never served with process and thus was never made a party to the lawsuit. *See* FED. R. CIV. P. 4; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). We need not mention her further.) The district court initially dismissed the suit on the understanding that Rainey's discrimination claims were foreclosed by his failure to identify them as assets in a Chapter 13 bankruptcy case, but we vacated the dismissal and reinstated his complaint after the

bankruptcy judge allowed Rainey to amend his bankruptcy schedules and make proper disclosure. *See Rainey v. United Parcel Service, Inc.*, 466 Fed. App'x 542 (7th Cir. 2012). In 2011, while that appeal was pending, Rainey again applied for a driver position at UPS's Addison facility and was hired.

On remand, the district court granted summary judgment for UPS on all claims. The court reasoned that the Title VII claims based on Rainey's applications in 2006 and 2007 were untimely because the hiring decision occurred more than 300 days before Rainey filed his EEOC charge. The court also concluded that the § 1981 claim for 2006 was untimely. The court then analyzed the § 1981 claim for 2007 and the § 1981 and Title VII claims for 2008 under the indirect method of *McDonnell Douglas Corp. v. Greene*, 411 U.S. 792, 802–04 (1973). *See Bates v. City of Chicago*, 726 F.3d 951, 955 (7th Cir. 2013) (explaining that *McDonnell Douglas* framework applies to § 1981 as well as Title VII). With respect to the 2007 job application, the court concluded that Rainey had failed to establish a prima facie case of discrimination because he never disputed that, in effect, he had disqualified himself by refusing to explain why his job with the previous employer had ended. For 2008, on the other hand, the court reasoned that Rainey had established a prima facie case of race discrimination because he did not get the job he initially applied for at the Hodgkins facility. Nevertheless, the court continued, UPS rebutted the inference of discrimination by offering an uncontested, nondiscriminatory reason for not giving Rainey that job: the company already had hired him for the job he sought at the Addison facility.

Before addressing Rainey's arguments, we note that both UPS and the district court misunderstood the statute of limitations for § 1981 claims involving employment discrimination. The four-year statute of limitations that the court implicitly relied upon, *see* 28 U.S.C. § 1658(a), applies only to claims based on conduct occurring *after* the formation of an employment contract. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Dandy v. United Parcel Services, Inc.*, 388 F.3d 263, 269 (7th Cir. 2004). Rainey alleges that unlawful discrimination *prevented* the making of an employment contract, and for claims of discrimination in hiring arising in Illinois, a two-year statute of limitations governs. *See Dandy*, 388 F.3d at 269 n.4; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Smith v. City of Chicago Heights*, 951 F.2d 834, 836 n.1 (7th Cir. 1992); *cf. Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (state's one-year statute of limitations period for personal injury torts applies to § 1981 failure-to-hire claims). All of the conduct underlying the § 1981 claims had occurred by the end of April 2008, and Rainey did not file his complaint until July 2010. Thus each of his failure-to-hire claims is barred by the applicable two-year statute of limitations. And

since Rainey does not disagree with the district court's conclusion that his Title VII claims for 2006 and 2007 were untimely, this appeal concerns only the Title VII claim for 2008.

For that claim, Rainey contests the grant of summary judgment, but we have trouble identifying the basis of his challenge. As best as we can tell, Rainey asserts that there is a genuine issue of material fact and that the district court failed to consider all of his evidence. He maintains that he was qualified for the 2008 position at Hodgkins and that UPS's discriminatory motive is evidenced by the fact that, from 2007 to 2008, the company hired three white applicants for its Hodgkins facility, while turning down four black applicants (all seven applicants had worked for Roadway Express, one of Rainey's former employers). But the three white applicants named by Rainey—hired in June 2007, September 2008, and 2010—were not hired to fill the position he interviewed for in March 2008. And no adverse inference can be drawn from the company's rejection of the four black applicants named by Rainey; the evidence at summary judgment shows that in 2007 two other black applicants who had worked for Roadway Express were hired at Hodgkins, as were 46 other black drivers during 2007 and 2008. Moreover, Rainey's attempt to identify a factual dispute is meritless because he cannot evade that UPS offered a nondiscriminatory reason for not hiring him at Hodgkins—that the company had already hired him at Addison—and "[i]rrelevant or unnecessary facts to not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

Rainey also argues that the district court should have recruited counsel to assist him. He made this same contention in his earlier appeal, and we made clear that "we would not conclude that the district court abused its discretion in denying Rainey's motion for appointment of counsel." *Rainey*, 466 Fed. App'x at 545. Rainey did not renew his request for counsel after remand, and a district court is not required to appoint counsel sua sponte. *See Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013); *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc).

AFFIRMED.